Filed 3/4/26  Citi Investment Capital v. JPMorgan Chase Bank CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CITI INVESTMENT CAPITAL, INC., Plaintiff and Appellant, v. JPMORGAN CHASE BANK, N.A., Defendant and Respondent. | G065152 (Super. Ct. No. 30-2019-01055778) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Donald F. Gaffney, Judge. Affirmed.

Prince, Attorneys at Law and David L. Prince for Plaintiff and Appellant.

Parker Ibrahim & Berg, John M. Sorich and Bryant Delgadillo for Defendant and Respondent.

* * *

Citi Investment Capital, Inc. (Citi) sued JPMorgan Chase Bank, N.A. (Chase) following a trustee sale at which Citi submitted the highest bid, which was accepted by the trustee. Before the trustee recorded a deed of sale, Chase instructed the trustee to rescind the sale. The trustee did so and refunded Citi's bid amount with interest. Citi then sued Chase in tort alleging the rescission caused it to lose out on an appreciable real estate investment. Chase moved for summary judgment, which the trial court granted. The trial court concluded Citi's remedy was limited to the return of its purchase price, plus interest.

Citi claims error and argues it can maintain a cause of action in tort against Chase. Reviewing the record de novo, we disagree. The Legislature enacted a comprehensive statutory scheme regulating nonjudicial foreclosure sales, such as the one at issue here. (*Hicks v. E.T. Legg & Associates* (2001) 89 Cal.App.4th 496, 503 (*Hicks*).) Pursuant to this framework, Citi's remedy, under these facts, was limited to a return of its purchase price, plus interest. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 832 (*Moeller*); *Residential Capital v. Cal-Western Reconveyance Corp.* (2003) 108 Cal.App.4th 807, 818 (*Residential Capital*).)

We therefore conclude the trial court correctly granted Chase's motion and affirm the judgment in Chase's favor.

FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Washington Mutual Bank, F.A. loaned Bruce and Kathy Elieff $1.24 million; the loan was secured by a deed of trust on real property located in Newport Beach. In 2008, Chase acquired the loan from Washington

2

Mutual. In 2017, a corporate assignment of deed of trust was recorded assigning the deed of trust to Chase, and a substitution of trustee was thereafter recorded to substitute MTC Financial Inc. dba Trustee Corps (the trustee) as trustee under the deed of trust. The trustee then recorded a notice of default and later recorded a notice of trustee's sale; the original sale was postponed but eventually scheduled for February 25, 2019. On February 23, 2019, a wire transfer was initiated on behalf of the Elieffs for the full amount required to reinstate the loan. On the morning of February 25, Chase received the funds and reinstated the loan; it then instructed the trustee to postpone the sale.

However, in error, the trustee proceeded with the sale and accepted a bid and funds from Citi. Upon learning of the error, the trustee notified Citi that the loan had been reinstated; the trustee thereafter refunded Citi's money, with interest. The trustee never recorded a deed of sale.

## DISCUSSION

"We review an order granting summary judgment de novo." (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 858.) In undertaking this review, "we apply the same three-step analysis used by the trial court. First, we identify the issues framed by the pleadings. Second, we determine whether the moving party has established facts justifying judgment in its favor. Finally, in most cases, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable issue of material fact." (*Id.* at pp. 858–859.)

Citi alleged three causes of action against Chase: (1) intentional interference with prospective economic opportunity; (2) negligent interference with prospective economic opportunity; and (3) negligence. At the core of each

3

cause of action was Citi's allegation that Chase's orders to the trustee to rescind the sale interfered with its potential economic relationships.

In arguing the trial court erred in granting Chase's motion for summary judgment, Citi relies on Civil Code section 2924c. That section provides, in relevant part, that "[r]einstatement of a monetary default under the terms of an obligation secured by a deed of trust . . . may be made at any time within the period commencing with the date of recordation of the notice of default until five business days prior to the date of sale set forth in the initial recorded notice of sale." (Civ. Code, § 2924c, subd. (e).) Citi argues this statute prohibited Chase from reinstating the loan unless the Elieffs paid the amount due five business days *before* the date of the trustee's sale. The Elieffs did not, as all parties agree; Citi therefore argues Chase could not reinstate the loan and was required to honor the results of the foreclosure sale.

We disagree. Civil Code section 2924c, subdivision (e), gives the borrower the right to reinstate a defaulted loan within a statutorily prescribed time. (*Bank of America v. La Jolla Group II* (2005) 129 Cal.App.4th 706, 712.) But it does not *prohibit* the creditor from voluntarily allowing the borrower to cure the default after this statutory period. (*Ibid.*) The Legislature did not intend "to prevent lenders and borrowers from adjusting delinquencies by mutual consent." (*Ibid.*)

A deed of trust bestows upon the creditor a contractual right to foreclose and sell the secured property in the event the borrower defaults. (*Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 277, superseded by statute on other grounds as stated in *Estate of Yates* (1994) 25 Cal.App.4th 511, 519.) Although this power derives from contract, the Legislature has asserted extensive control over it. (*Garfinkle*, at p. 278.) It has enacted a

4

"comprehensive statutory scheme regulating in detail all aspects of the nonjudicial foreclosure process." (*Ibid.*) Its purpose in doing so is: (1) to provide the creditor with an efficient remedy; (2) to protect the debtor from the wrongful loss of property; and (3) to protect a bona fide purchaser at the foreclosure sale. (*Hicks, supra*, 89 Cal.App.4th at p. 503.)

To initiate the foreclosure process, the creditor must record a notice of default. (*Hicks, supra,* 89 Cal.App.4th at p. 504.) The trustee, the party acting on behalf of the creditor to sell the property, must wait three months after which it can publish a notice of sale. (*Ibid.*) The borrower has a statutory right to pay the amount due and reinstate the loan "until five business days prior to the date of sale set forth in the initial recorded notice of sale." (Civ. Code, § 2924c, subd. (e); *Hicks,* at p. 504.)

In a situation such as this where a sale is conducted and rescinded, but a deed of sale is never recorded, the bona fide purchaser's remedy is limited to return of the purchase price plus interest, which is what happened here. (*Moeller, supra*, 25 Cal.App.4th at p. 832; *Residential Capital, supra*, 108 Cal.App.4th at pp. 822–823.) Citi has no right to recover in tort. (*Residential Capital,* at p. 827.) "Otherwise, we would be engaging in judicial legislation by grafting a tort remedy onto a comprehensive statutory scheme in the absence of a compelling justification for doing so." (*Ibid.*)

In its briefing, Citi did not separately discuss the viability of its negligence cause of action, instead focusing on its interference claims. Citi has thus failed to meet its burden of affirmatively demonstrating the trial court erred. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) In any event, Chase did not owe a duty to Citi to prevent pure economic loss, which is all Citi claims to have suffered here. (*Mega RV Corp. v. HWH Corp.* (2014)

225 Cal.App.4th 1318, 1339 ["'[E]ntities generally have no *duty* to prevent purely economic loss to a potential plaintiff'"].)

DISPOSITION

The judgment is affirmed. Respondent JPMorgan Chase Bank, N.A., shall recover its costs incurred on appeal.


BANCROFT, J.*

WE CONCUR:


DELANEY, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.